UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMIRE EDWARDS,<br><br>  Plaintiff,<br><br>v.<br><br>BAY AREA RAPID TRANSIT (BART),<br><br>  Defendant. | Case No. 20-cv-07113-JSC<br><br>**ORDER RE: MOTION TO AMEND THE COMPLAINT**<br><br>Re: Dkt. No. 24 |

Plaintiff Tamire Edwards filed this civil rights excessive force action against Bay Area Rapid Transit (BART). Plaintiff's motion to amend the complaint to add additional facts, name doe defendants, and omit claims is now pending before the Court.[1] (Dkt. No. 24.) BART has filed a statement of non-opposition to the motion to amend. (Dkt. No. 25.) After carefully considering Plaintiff's brief and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the April 1, 2021 hearing, and GRANTS the unopposed motion to amend.

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a pleading before trial "with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Though Rule 15(a) is "very liberal ... a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Undue delay cannot alone justify

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 4, 11.)

the denial of a motion to amend. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001). The most important factor is prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971). A "determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, Plaintiff seeks leave to amend the complaint to name BART Police Sergeant Spears and BART Police Officer Yip as Defendants, to add additional factual allegations, and to omit his claims for false arrest and false imprisonment. (*Compare* Dkt. No. 24-1 *with* Dkt. No. 1.)  Plaintiff contends that amendment is necessary because "Plaintiff has learned that certain facts need to be corrected in the operative complaint to make a clear record of the events that had actually transpired and certain claims need to be discarded."  (Dkt. No. 24 at 2.[2])

The Court agrees that leave to amend is proper here. First, there is no evidence of material prejudice to BART. *See Owens*, 244 F.3d at 712 (finding appellants suffered no prejudice when appellee amended its answer because there was no delay in proceedings or required additional discovery). This case is in its early stages and fact discovery does not close until January 14, 2022—10 months from now.

Second, there is no evidence of bad faith. *See Owens*, 244 F.3d at 712 (finding no evidence of bad faith because Appellee offered "substantial competent evidence" as to why it delayed in filing a motion to amend). Plaintiff has moved to amend to clarify the facts, substitute doe defendants, and dismiss non-viable claims.

Third, there is no evidence of undue delay. Plaintiff has moved for leave to amend before the deadline to do so and after early discovery clarified the events at issue.  *See Owens*, 244 F.3d at 712–13 (finding no unreasonable delay because appellee moved to amend as soon as it became aware of an applicable defense).

Finally, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."

---

[2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

*Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). Here, there is nothing to suggest that amendment of Plaintiff's complaint to clarify these facts or add these defendants would be futile.

Accordingly, the balance of factors supports granting Plaintiff leave to amend under Rule 15(a)(2).

## CONCLUSION

For the reasons stated above, Plaintiff's unopposed motion to amend the complaint is GRANTED. (Dkt. No. 24.) Plaintiff shall file the proposed amended complaint within 3 business days.

This Order disposes of Docket No. 24.

**IT IS SO ORDERED.**

Dated: March 26, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge