UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMIRE EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>BAY AREA RAPID TRANSIT (BART), et al.,<br><br>    Defendants. | Case No. 20-cv-07113-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 44 |

Tamire Edwards brings this Section 1983 action against Bay Area Rapid Transit (BART), BART Police Sergeant Spears, and BART Police Officer Yip. Plaintiff alleges that the officers used excessive force when restraining him following an incident on a BART train on October 27, 2019.[1] Plaintiff's motion for summary judgment is now pending before the Court. (Dkt. No. 44.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the November 18, 2021 hearing, and DENIES Plaintiff's motion for summary judgment. Plaintiff has failed to demonstrate that he is entitled to judgment as a matter of law.

In evaluating an excessive force claim, courts must first "identify[ ] the specific constitutional right allegedly infringed by the challenged application of force.... The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right." *Graham v. Connor*, 490 U.S. 386, 394 (1989). Here, Plaintiff contends that Defendants violated his rights under the Fourth Amendment. "A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in *Graham v. Connor*." *Smith v.*

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 4, 11, 31.)

*City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc). Under *Graham*, "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' ... should be analyzed under the Fourth Amendment and its 'reasonableness' standard." 490 U.S. at 395. This analysis "requires balancing the 'nature and quality of the intrusion' on a person's liberty with the 'countervailing governmental interests at stake' to determine whether the force used was objectively reasonable under the circumstances." *Smith*, 394 F.3d at 701. "Thus, we first assess the quantum of force used to arrest the plaintiff and then measure the governmental interests at stake by evaluating a range of factors." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007) (cleaned up).

The two cases that Plaintiff relies upon for his argument that the force used here was excessive in violation of his Fourth Amendment rights fail to demonstrate that he is entitled to judgment as a matter of law. *See Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (holding that "the force allegedly employed was severe and, under the circumstances, capable of causing death or serious injury" where the plaintiff alleged that "two officers continued to press their weight on his neck and torso as he lay handcuffed on the ground and begged for air."); *LaLonde v. Cty. of Riverside*, 204 F.3d 947, 952 (9th Cir. 2000) (concluding that plaintiff's excessive force claim should have gone to the jury where plaintiff alleged that "[w]hile performing the handcuffing, Officer Horton forcefully put his knee into LaLonde's back, causing him significant pain."). Plaintiff has not offered any evidence of the amount of force used to effectuate his arrest beyond the body camera footage and the footage does not demonstrate that he is entitled to judgment under either *LaLonde* or *Drummond*. Sergeant Spears, for his part, disputes that he was placing his body weight on Plaintiff and Plaintiff has not offered testimony either in the form of a declaration or deposition to rebut Sergeant Spears testimony or to demonstrate that he suffered any injury as a result of the encounter. In any event, *LaLonde* held that the case should go to the jury, not that judgment should be entered in the plaintiff's favor.

Accordingly, Plaintiff has failed to show that he is entitled to summary judgment on his excessive force claim. Because his other arguments flow from this claim, the Court need not address them here.

This Order disposes of Docket No. 44.

**IT IS SO ORDERED.**

Dated: November 16, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge